UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WHEELER COLE SCOTT**                                                                          **PLAINTIFF**

v.                        **CASE NO. 4:11cv00064 BSM**

**INTERNAL REVENUE SERVICE**                                     **DEFENDANT**

**ORDER**

Plaintiff Wheeler Cole Scott ("Scott") filed a complaint on January 27, 2011, against the Internal Revenue Service ("IRS"). By order dated February 1, 2011, Scott was directed to file an amended complaint in which he was to "clearly state the basis for federal jurisdiction, the names of the defendant or defendants, a short and concise statement of the facts, including names, dates, places, and the specific acts of which he complains, and the relief he seeks." On February 28, 2011, an amended complaint was filed. [Doc. No. 7].

The original complaint alleges the IRS has violated Scott's civil rights. Scott states that the "core" of his complaint is he traveled from Little Rock, Arkansas to Kansas City, Missouri, in September of 2010, to attend "the National Baptist Convention." According to the complaint, Scott "had previously been selected third behind President Obama and First Lady Michele Obama to represent the discussion on the plan to bring in the recoveries." Complaint, pp. 3-4. After attending the convention, Scott states that he agreed to make twenty-four radio broadcasts, each of which would cost him fifty-five dollars. While still in Kansas City, Scott states that he explored applying for a job with a construction company. "I got the telephone number to the office and called to inquire about applying for a job and

told them why I needed the job to support the 'recovery campaign.' They informed me that they needed my 'federal tax exempt number' and they would consider donating to the 'recovery campaign.'" *Id*. at p. 4. Scott told the potential employer/contributor that he had a tax exempt number for ten to twelve years. Scott states that when he went to the IRS office in Kansas City "to obtain a print-out, this is when I took notice the initial runner around started." *Id*. Scott claims that, despite promises, the IRS has not sent him the updated tax exempt number, "and I feel that I am being intentionally discriminated against within the system. . ." *Id*. at p. 5. Scott seeks relief in the form of $50,000,000,000 of the $330,000,000,000 a court ruled the United States must pay in a previous case. It is unclear what case Scott is referring to. He provides only the case number, 4:00cv00838 SMR, without any other identifying information. Scott also requests 20% of the funds that are received by the IRS.

In his amended complaint, Scott again alleges that the IRS has not sent him a printout of his tax exempt number. It appears that he once again seeks payment of $50,000,000,000 of the $330,000,000,000 judgment entered against the United States in a previous case. In addition, he states:

> The relief that I seek in this case is the negligence in the representation of those in the Internal Revenue Service provided to me as a Black man provided and opportunity for me to bring the principle of my campaign up and into the mainstream of the American society, being lead by the revelation that is revealed to me by "the Heavens" and by "Nature's God." In this opportunity where it is being said that Pastor has been given the way that is sent from "the Heavens" for the recoveries to come in unto all the world; hear ye him, in what he is saying to you throughout this case, for what is stated in this presentation is what I want for the human race in the last days to be brought in the call for

"the Church Age" to come in.

Amended complaint, p. 3.

Although *sua sponte* dismissals are expressly disfavored, *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986), this complaint and amended complaint should be dismissed. Scott's complaint and amended complaint lack an arguable basis in either law or fact, *see Neitzke v. Williams*, 490 U.S. 319 (1989), and are so lacking in colorable merit that they must be considered frivolous. *See Haugen v. Sutherlin*, 804 F.2d 490 (8th Cir. 1986); *Martin-Trigona v. Stewart*, 691 F.2d 856 (8th Cir. 1982). There are several shortcomings which are fatal to the complaint and amended complaint.

First and foremost, both the complaint and amended complaint focus on the conclusions and beliefs of Scott without supporting facts. It appears the sole factual allegation is that the Kansas City IRS office failed to provide a print-out of Scott's federal tax exempt number. The original complaint, however, reflects that Scott is aware of his tax exempt number, so the issue is not the identity of the number but a document showing that number. While Scott feels this omission by the IRS is somehow related to his race, he offers no facts to support this conclusion. Scott does not identify the IRS employee or employees that were involved. He does not provide any documentation on how the number was requested or whether he executed any forms to trigger the release of the tax exempt number. As noted in an earlier order, Federal Rule of Civil Procedure 8(a) requires a complaint to contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (overruling

*Conley v. Gibson*, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations, however, must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043-1044 (8th Cir. 2002) (citations omitted). The complaint and amended complaint fail to satisfy the basic requirement of adequate factual allegations.

Further, the original and amended complaints do not identify any individual IRS employees as defendants. Scott's complaint, even when construed liberally, does not state a claim for relief since he has named no individuals as liable parties. The claim against the IRS should be dismissed because such a claim is not cognizable under *Bivens*. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "A *Bivens* action . . . is only available against federal officers, not government entities." *Hartje v. F.T.C.*, 106 F.3d 1406, 1408 (8th Cir. 1997).

Finally, the complaint is difficult to comprehend. Even if it is construed as a claim for tort relief, it should still be dismissed. A constitutional tort claim cannot be remedied through the FTCA. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994); *Washington v. Drug*

*Enforcement Admin.*, 183 F.3d 868, 873 (8th Cir. 1999). The appropriate vehicle to address constitutional violations by federal officers is a *Bivens* action. As previously stated, the United States is not a proper *Bivens* defendant because of sovereign immunity. *Phelps v. United States Fed. Gov't*, 15 F.3d 735, 739 (8th Cir. 1994), cert. denied, 511 U.S. 1114 (1994); *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983).

For the foregoing reasons, the complaint and amended complaint are dismissed.

IT IS SO ORDERED this 20th day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE